DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GWENDOLYN HANKERSON,**
Petitioner,

v.

**NICOLE WILEY,**
Respondent.

No. 4D14-4207

[January 7, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell, Judge; L.T. Case No. CACE 13-16053 03.

Kansas R. Gooden of Boyd & Jenerette, P.A., Jacksonville, and Thomas A. Berger of Boyd & Jenerette, P.A., Coconut Creek, for petitioner.

Joseph Abdallah of Kanner & Pintaluga, P.A., Delray Beach, for respondent.

GROSS, J.

Gwendolyn Hankerson, the defendant in an auto negligence case below, seeks certiorari review of a trial court order which permits the plaintiff to view a post-accident surveillance video before a deposition. Because the benefit of the surveillance video may be irreparably lost if the plaintiff is permitted to view the video before Hankerson has an opportunity to question her, irreparable harm for certiorari jurisdiction has been shown, so we grant the writ and quash the order of the circuit court.

The trial court's order departs from the essential requirements of law. Under *Dodson v. Persell*, 390 So. 2d 704 (Fla. 1980), fairness requires that a defendant be permitted to depose the plaintiff before turning over a surveillance video. The relevant portion of *Dodson* provides:

Fifth, we recognize that there is some merit in respondent's contention that surveillance can prevent fraudulent and overstated claims. In this regard, *fairness requires that we allow the use of surveillance materials to establish any*

> *inconsistency in a claim by allowing the surveilling party to depose the party surveilled after the movies have been taken or evidence acquired but before their contents are presented for the adversary's pretrial examination.* We note that under present procedural time constraints, the surveilling party in a personal injury action ordinarily has the opportunity to take discovery in this manner without any court order. *In our view, the trial court's discretion to allow the discovery deposition before disclosure is an appropriate middle road to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion. See Jenkins v. Rainner*, 69 N.J. 50, 350 A.2d 473 (1976).

*Id.* at 708 (emphasis added).

We agree with the third district's application of *Dodson*, which has the effect of establishing a bright line rule regarding work product, post-accident surveillance videos in personal injury cases. Based upon *Dodson,* the third district has granted second-tier certiorari review of a county court order which required production of a surveillance video before a deposition. *State Farm Fire & Cas. Co. v. H Rehab, Inc.*, 56 So. 3d 55, 56 (Fla. 3d DCA 2011) (granting second-tier certiorari of a circuit court order affirming trial court's order requiring production of surveillance before deposition); *State Farm Mut. Auto. Ins. Co. v. H Rehab, Inc.*, 77 So. 3d 724, 725 (Fla. 3d DCA 2011) (granting second-tier certiorari for the second time between these parties and remanding "with instructions that State Farm is not required to produce the surveillance video/DVD prior to taking the deposition"). The essence of the holding in the *H Rehab* cases is that a trial court abuses its discretion where it permits a plaintiff to view a post-accident surveillance video before allowing a defendant to depose the plaintiff. A bright line rule is preferable in this area because it will impose uniformity and avoid disparate rulings based primarily on the identity of the trial judge.

WARNER and TAYLOR, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***